■ In the Matter of the Claim of KARIN H. CALLAHAN, Appellant. COMMISSIONER OF LABOR, Respondent. [673 NYS2d 782] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 12, 1996, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment due to marriage.

Claimant resigned from her employment as a communications associate for a labor union effective August 19, 1994. The Unemployment Insurance Appeal Board denied claimant's application for benefits on the ground that she voluntarily left her employment due to marriage. Claimant contends that the primary motivation for her resignation was to accompany her husband to Florida, not her marriage. The record establishes, however, that claimant notified her employer of her plans to resign from her employment two weeks prior to her marriage on July 16, 1994. Claimant's husband began his employment in this State on August 1, 1994 and claimant accompanied him when he was transferred to Florida on August 28, 1994 to continue his initial training. Claimant testified that the couple was unsure at the outset where her husband would ultimately be assigned to work. Under these circumstances, we conclude that the Board's decision disqualifying claimant from receiving benefits is supported by substantial evidence (*see*, Labor Law § 593 [1] [b]; *see also, Matter of Hanrahan [Sweeney]*, 238 AD2d 665; *Matter of Hart [Sweeney]*, 228 AD2d 854). Finally, we conclude that claimant was properly assessed a recoverable overpayment (*see*, Labor Law § 597 [4]).

Mercure, J. P., Crew III, White, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.