■ In the Matter of the Claim of NAHLA RADWAN, Appellant. COMMISSIONER OF LABOR, Respondent. [699 NYS2d 221] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 29, 1998, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment due to marriage.

By letter dated April 16, 1996, claimant advised the employer that she was resigning her position as an assistant branch bank manager effective May 3, 1996 due to her "upcoming marriage". In the letter, claimant stated that, "I will be relocating so that I may join my husband in Georgia". According to claimant, in late February or early March 1996, her fiancé accepted an offer for a four-year medical residency position at a hospital in Georgia to begin in mid-June 1996. Claimant was thereafter married on April 27, 1996 and she and her husband duly moved to Georgia in June 1996. The Unemployment Insurance Appeal Board denied claimant's application for benefits on the ground that she voluntarily left her employment due to marriage and charged her with a recoverable overpayment of benefits, a decision we now affirm. Although claimant maintains that her primary motivation in resigning was not her marriage but to accompany her husband to Georgia, we conclude that the Board's decision disqualifying claimant from receiving benefits is supported by substantial evidence (*see*, Labor Law § 593 [1] [b]; *see also, Matter of Callahan [Commissioner of Labor]*, 251 AD2d 724; *Matter of Hanrahan [Sweeney]*, 238 AD2d 665; *Matter of Hart [Sweeney]*, 228 AD2d 854) and she was properly assessed a recoverable overpayment in benefits (*see*, Labor Law § 597 [4]).

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.